### PEOPLE v. PAGNOTTA.

(Supreme Court, Appellate Division, Second Department.    April 21, 1911.)

ASSAULT AND BATTERY (§ 67*)—SELF–DEFENSE—PARTICIPATION IN QUARREL.
   That one voluntarily or willingly takes part in a quarrel does not deprive him of the right of defending himself from death or serious bodily harm.

   [Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. §§ 96, 97; Dec. Dig. § 67.*]

Appeal from Westchester County Court.

Nicola Pagnotta was convicted of assault in the second degree, and he appeals. Reversed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

George C. Andrews, for appellant.

Francis A. Winslow, Dist. Atty., for the People.

WOODWARD, J. The defendant was indicted for assault in the first degree, alleged to have been committed in the city of Yonkers on the 23d day of April, 1909, by shooting one Joseph Castriogiovanni with a revolver. Upon the trial the evidence was to the effect that on the evening of the day in question the complaining witness was present in his brother's store in Yonkers, as was his custom, with the defendant and others, playing cards and partaking of refreshments; that the defendant suggested the organization of a pleasure club, with dues of 25 cents per week; that the witness declined, saying that he could not afford the dues; that defendant offered to pay the witness' dues, and that the latter took offense, and a quarrel followed; that in the course of the altercation the defendant drew a revolver, declaring, "If I missed you once before, I will not miss you now," and then shot the complaining witness in the shoulder, doing serious bodily harm.

The learned court in its charge to the jury correctly laid down the law, explaining the degrees of assault; and the verdict of assault in the second degree is, no doubt, fully sustained by the evidence. At the close of the charge the defendant's counsel made several requests to charge, which were granted, and then the assistant district attorney asked the court to charge "that if this jury find that, at the time this defendant fired the shot which struck the complaining witness, he was willingly participating in a quarrel, that he cannot claim self-defense," and this request was granted. This was excepted to in behalf of the defendant, and this is the only question of importance presented by this appeal.

It is scarcely open to question that this charge does not state the law in reference to self-defense. The mere fact that a man may have voluntarily or willingly taken part in a quarrel, or that he may be willingly quarreling at the time of an assault, does not deprive him of the right to defend himself against death or serious bodily injury. The fact of the quarrel is to be considered by the jury in arriving at its

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes .

verdict, as a part of the history of the transaction; but if the law is as stated in the charge, then any man who willingly enters into a quarrel is estopped to assert the right of self-defense, as that term is used and understood in the law, no matter what the danger he is called upon to confront. He is practically outlawed. Clearly that is not the law, and because of the error the judgment must be reversed.

The judgment appealed from should be reversed. All concur.