■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL GIAMMARINO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Richmond County (Broomer, J.), rendered July 16, 1982, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

After reviewing the charge to the jury in its entirety, we find that Criminal Term adequately instructed the jurors as to the relevant law. Defendant received a fair trial, free from any significant error. The passing reference by the court to "if the scales are even" within the reasonable doubt charge was technically improper. However, the charge, as a whole, correctly explained the concept of reasonable doubt to the jury (see *People v Townes,* 104 AD2d 1057; *People v Ortiz,* 92 AD2d 595; *People v Cadorette,* 83 AD2d 908, affd 56 NY2d 1007). In any event, no exception was taken to this portion of the court's instruction, and as such, the matter has not been preserved for review as a matter of law (see *People v Cruz,* 97 AD2d 518).

As to the language of the charge on the defense of justification, we similarly believe that in its entirety the charge provided the proper instructions and law to the jury. The hypothetical example used by Criminal Term made clear that the initial aggressor, or the one who "started it", was the one who used or threatened the use of physical force. It did not permit the jury to discard the justification defense merely by finding that defendant started a verbal argument.

Defendant's final objection concerning the charge on the inference of intent is not only unpreserved for appellate review, but is also unsupported by the record. Defendant's conviction should be affirmed. Lazer, J. P., Thompson, Niehoff and Rubin, JJ., concur.