■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN MARTINEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bonomo, J.), rendered July 2, 1982, convicting him of robbery in the first degree (four counts), criminal possession of stolen property in the third degree, and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by vacating the sentence imposed, and matter remitted to the Supreme Court, Kings County, for resentencing in accordance herewith. As so modified, judgment affirmed.

At the time of sentencing the court utilized a presentence report which had been prepared 18 months earlier in connection with sentencing on an unrelated conviction. It was error for the court not to order and utilize an updated report at the time of imposing sentence in the instant case *(see,* CPL 390.20; *People v Hayes,* 101 AD2d 893; *People v Stanton,* 96 AD2d 652). The oral statements made by a probation officer at the time of sentencing did not constitute the functional equivalent of an updated report, inasmuch as the probation officer did not provide the court with any updated information, and did not

participate in the proceedings until after the sentence was already imposed. As such, the sentence imposed must be vacated, and the matter remitted for resentencing upon receipt of an updated presentence report.

Turning to the various trial errors alleged by the defendant, we note initially that the evidence was sufficient to establish the defendant's guilt beyond a reasonable doubt as to all of the counts of which he was convicted (see, Jackson v Virginia, 443 US 307).

We reject the defendant's claim that the court's charge deprived him of a fair trial. The court's use of language such as "if your minds are wavering or if the scales are even" within the reasonable doubt charge has previously been criticized by this court. However, no exception was taken to this portion of the charge, and in any event it is evident from reading the charge as a whole that the jury was properly instructed as to the standard which they were to apply to the evidence (see, People v Cadorette, 83 AD2d 908, affd 56 NY2d 1007; People v Ortiz, 92 AD2d 595).

Nor do we find merit to the defendant's argument that the identification charge given to the jury was inadequate. The court instructed the jury that identification must be proven beyond a reasonable doubt and that the jury must determine from all of the testimony whether the identification was accurate and reliable, and whether the witness was credible. As such, while an expanded charge would have been desirable, the court gave an accurate statement of the law to which defense counsel took no exception (see, People v Whalen, 59 NY2d 273). Under the circumstances of this case, reversal in the interest of justice is not required.

The defendant also claims that the testimony of an identification witness was improperly bolstered through the testimony of a detective to the effect that the witness made a pretrial identification which had already been described in detail within the testimony of the witness. We agree that the statement made by the detective was improper. However, the court immediately sustained an objection and ordered that the statement be stricken from the record. No further reference to the identification was made. Under the circumstances, we find that the prompt action taken by the Judge eliminated any prejudice which otherwise might have resulted to the defendant.

The defendant's remaining claims of error are either without merit or unpreserved for appellate review. Mangano, J. P., Thompson, Brown and Weinstein, JJ., concur.