(March 25, 1986)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BAEZ, Appellant.—Judgment, Supreme Court, New York County (Blangiardo, J.), rendered July 31, 1984, convicting defendant, upon a jury verdict, of assault in the second degree and sentencing him to 2½ to 5 years' imprisonment, reversed, on the law, and a new trial ordered.

The evidence presented contradictory versions of an altercation between defendant, an inmate at the Manhattan House of Detention, and a guard, Officer Lannause. It occurred during an inmate count. According to the prosecution, Lannause, while summoning inmates to come downstairs for the count, heard defendant urge others in Spanish not to cooperate. Lannause directed defendant to line up. Defendant cursed him in Spanish and continued making noise while Lannause counted. As he approached defendant, the officer reached up

"to escort him down the stairs". Defendant punched him in the right eye and, when Lannause bent down to pick up a body alarm he had dropped, defendant punched him twice in the face. Defendant then ran back to his cell. When an emergency unit ordered him out, he lunged at them. In the ensuing struggle, defendant's lip was cut. He also sustained swelling of his legs and chest and was taken to the hospital. The People's witnesses denied that any guards carried or used any handcuffs.

The defense evidence was that defendant spoke little English and did not understand the type of body count that was being ordered. Referring to Lannause, defendant asked a friend what "this cocksucker" was saying. The officer, understanding Spanish, ordered him to "get in the count" and reached for him. Defendant shied backward, saying, "Don't hit me". Lannause swung and hit defendant with his handcuffs. The latter then went upstairs with Lannause following, swinging at him with handcuffs. Defendant locked himself in his cell but was later beaten by other officers.

The court properly charged the jury that defendant, to sustain a defense of justification, "must not have been the initial aggressor". It erred, however, when it refused to explain or define "initial aggressor". Abusive language does not constitute provocation (see, People v Giammarino, 105 AD2d 802; People v Pagnotta, 144 App Div 265), yet the charge did not make clear to the jury that an initial aggressor is the one threatening to use or using physical force rather than the one using insulting language. (Cf. 1 CJI [NY] 35.15 [1] pp 859, 860.) The defense excepted to the charge and requested a clarification, expressing the concern that the jury might consider defendant the initial aggressor for having called Officer Lannause a cocksucker. The court refused. During its deliberation, the jury was evidently troubled by the justification charge because it asked that it be repeated. This time the defense specifically requested a charge to which it was entitled, that "calling somebody a name, even calling somebody a cocksucker, does not constitute provocation, that in order for there to be provocation, that must consist of the defendant himself having commenced the hostilities by attacking the officer first". Again, the court refused to so charge. In view of the contradictory versions of the event, the court's error cannot be deemed harmless.

We have reviewed the other point raised by defendant and find it to be without merit. Concur—Murphy, P. J., Lynch, Milonas and Rosenberger, JJ.

Kupferman, J., dissents in a memorandum as follows: I would affirm.

The opinion of the majority fails to mention that the medical evidence shows that Correction Officer Lannause had his nose broken, with a cut over one eye and on the lip, all of which corroborates the prosecution contention.

A child would know that "sticks and stones will break my bones, but names will never hurt me."