■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD NETTLES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lagana, J.), rendered October 15, 1982, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The defendant's contention that justification was not disproved beyond a reasonable doubt is belied by the evidence, which, viewed in a light most favorable to the prosecution, shows that the defendant, after arming himself with a dangerous weapon, followed the victim for a block, provoked the deadly confrontation, and made no attempt to retreat before using deadly force *(cf.* Penal Law §§ 35.05, 35.15). The issues of

credibility raised by the conflict between the testimony of the People's witnesses and that of the defendant were for the jury to decide, and the minor discrepancies in the testimony of the witnesses against the defendant are insufficient to show that those witnesses' testimony was incredible as a matter of law *(see, People v Gruttola,* 43 NY2d 116, 122; *People v Di Girolamo,* 108 AD2d 755; *People v Sutton,* 108 AD2d 942).

The defendant's claim that inadequate efforts were made to locate a missing key prosecution witness, such that it was error to read into evidence her testimony from the defendant's first trial, is similarly unsupported by the record. Once the witness failed to appear at the trial, a material witness order was issued, and an investigator from the prosecutor's office made extensive efforts over the course of three days to locate her. The witness's home was visited several times, neighbors were questioned, and other locations where she might be found were checked. These efforts constituted "due diligence" *(cf.* CPL 670.10).

In any event, it cannot be said that the defendant's right to confrontation was frustrated in any meaningful way, as the testimony read into evidence was from the defendant's previous trial for the same crime, and thus allowed for a more "searching exploration into the merits of a case" and opportunity for cross-examination than testimony taken at a pretrial hearing *(cf. Barber v Page,* 390 US 719, 725; *People v Arroyo,* 54 NY2d 567, *cert denied* 456 US 979). Moreover, this testimony, while central to the People's case, was not the only eyewitness testimony presented, and was largely corroborated by the testimony of the People's other eyewitness.

The allegedly erroneous supplemental charge on justification was not objected to, and this claim of error is thus not properly preserved for review *(see,* CPL 470.05 [2]; *People v Thomas,* 50 NY2d 467; *People v Richburg,* 109 AD2d 899). In any event, viewed in its entirety, the charge adequately conveyed the appropriate law to the jury and did not deprive the defendant of a fair trial *(see, People v Woods,* 41 NY2d 279; *People v Richburg, supra).*

Finally, we note that the defendant's sentence of 4 to 12 years was well within the bounds of the sentencing court's discretion and does not warrant appellate modification *(see, People v Suitte,* 90 AD2d 80). Mangano, J. P., Gibbons, Niehoff and Kunzeman, JJ., concur.