■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABDUL MUSTAFA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bonomo, J.), rendered October 12, 1983, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his guilt was not proven beyond a reasonable doubt because two witnesses for the People were not credible by virtue, *inter alia,* of their admitted addiction to heroin. The record indicates that these witnesses testified consistently with each other in regard to what they saw and that the jury was made thoroughly aware of their backgrounds during direct and cross-examination. Resolution of the issues of credibility, as well as the weight to be accorded to the evidence presented, are properly within the province of the trier of fact whose determination should not be overturned lightly on appeal *(see, People v Bauer,* 113 AD2d 543, 551). When reviewed in the light most favorable to the People the evidence adduced at the trial was qualitatively and quantitatively sufficient to support the verdict *(see, People v Bauer, supra).*

The defendant also contends that the court's reasonable doubt charge was erroneous because it incorporated "wavering minds" and "even scales" language. Although "even scales" language may be technically improper *(see, People v Giammarino,* 105 AD2d 802, 803), when the charge is viewed in its entirety *(see, People v Mosley,* 67 NY2d 985; *People v Jones,* 27 NY2d 222, 226; *People v Giammarino, supra; People v Townes,* 104 AD2d 1057, 1058), it accurately conveyed to the jury that it was to distinguish that doubt which would be reasonable, from one which was merely vague or imaginary *(see, People v Jones, supra,* at p 226). Thus, reversal is not required *(see, People v Mosley, supra,* at p 987).

We have considered the remaining contentions raised by the defendant, including those raised in his *pro se* supplementary brief and find them to be without merit. Mangano, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.