◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOVLETT MOORE, Also Known as NOVLETT REID, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered June 8, 1990, convicting her of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's failure to join in the codefendant's objection to the trial court's identification charge renders her arguments unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Hesterbey,* 134 AD2d 615; *People v Rodriguez,* 130 AD2d 522; *People v McCorkle,* 119 AD2d 700; *see also, People v Teeter,* 47 NY2d 1002). In any event, the trial court's identification charge was adequate under the circumstances of this case since the trial court instructed the jury that identification had to be proven beyond a reasonable doubt and provided the jury with general instructions on weighing a witness's

credibility (see, People v Whalen, 59 NY2d 273; People v Rodriguez, supra; People v Martinez, 118 AD2d 661). Contrary to the contention of the defendant, the trial court's statement that the jury was "to determine where the truth lies" did not dilute the People's burden of proof when the charge was considered as a whole (see, People v Jones, 173 AD2d 487; People v Flecha, 161 AD2d 116; People v Graziano, 151 AD2d 775). Further, the trial court did not err in advising the jury not to indulge in "speculation", or "conjecture" (see, People v Hammond, 143 AD2d 1043; People v Mustafa, 126 AD2d 674).

We find that the sentence was not excessive (see, People v Suitte, 90 AD2d 80).

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review and, in any event, without merit. Sullivan, J. P., Harwood, Balletta and Eiber, JJ., concur.