■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELSIO SORIANO, Appellant.—Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered August 23, 1991, convicting defendant, after a nonjury trial, of assault in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him to a conditional discharge and a $350 fine, unanimously affirmed.

Viewing the evidence in a light most favorable to the People *(People v Contes,* 60 NY2d 620), the defense of justification was disproven beyond a reasonable doubt, there being legally sufficient evidence to support a finding that defendant was the initial aggressor and that the victim was initially unarmed (Penal Law § 35.15 [1] [b]). Verbal provocation would not have justified defendant's use of physical force *(People v Baez,* 118 AD2d 507). Nor was defendant's conduct either objectively or subjectively reasonable *(see, People v Goetz,* 68 NY2d 96, 113-114). There was also legally sufficient proof of defendant's intention to cause physical injury, such being inferrable from the very nature of defendant's conduct in pushing the victim while stabbing him with a sharp-pointed tool *(see, People v Taylor,* 163 AD2d 902, *lv denied* 76 NY2d 944). Concur—Carro, J. P., Wallach, Asch and Kassal, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERRY WILLIAMS, Appellant.—Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered April 4, 1991, convicting defendant, after jury trial, of two counts of criminal sale of a controlled substance in the third degree and one count of criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 6 to 12 years, with the sentence to run concurrently with a 2 to 4 year sentence on an unrelated burglary conviction, unanimously affirmed.

Defendant's argument that the prosecutor's summation deprived him of a fair trial is not preserved for review as a matter of law, and we decline to review it in the interest of justice. Were we to review the contention we would find it to be without merit since the prosecutor's comments were within the boundaries of proper rhetorical comment in light of the defense summation. Concur—Carro, J. P., Wallach, Asch and Kassal, JJ.