■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES GORDON, Appellant. [636 NYS2d 317] —Judgment, Supreme Court, New York County (Renee White, J.), rendered April 7, 1992, convicting defendant, after a jury trial, of manslaughter in the first degree and sentencing him to a term of 4 to 12 years, unanimously affirmed.

Viewing the evidence in the light most favorable to the defendant, there is no reasonable view of the evidence that defendant acted recklessly and did not intend to cause serious physical injury (*People v Randolph*, 81 NY2d 868, 869) and, thus, the court properly refused to charge the jury on second degree manslaughter as a lesser included offense. The evidence, including defendant's confession in which he admitted intentional conduct, negated any theory of recklessness.

The court correctly charged the jury on the defense of justification. The court instructed the jury to consider what the deceased said and did before and during his encounter with defendant, including any threats the deceased may have made against defendant, on the issue of whether defendant reasonably believed he was using or about to use deadly physical force. The court properly instructed the jury that the concept of "initial aggressor" did not encompass mere insults as opposed to threats (*People v Baez*, 118 AD2d 507, 508). Concur—Sullivan, J. P., Rosenberger, Ellerin, Rubin and Nardelli, JJ.