■ In the Matter of JOSE M., a Person Alleged to be a Juvenile Delinquent, Appellant. [672 NYS2d 897] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Rockland County (Garvey, J.), dated January 29, 1997, which, upon a fact-finding order of the same court, entered May 16, 1996, made after a hearing, finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of assault in the first degree, adjudged him to be a juvenile delinquent, and placed him on probation for one year. The appeal brings up for review the fact-finding order entered May 16, 1996.

Ordered that the order of disposition is reversed, on the law and the facts, without costs or disbursements, the fact-finding order is vacated, and the petition is dismissed.

The appellant, then 12 years old, encountered the complainant outside of church after Sunday services. The appellant asked the complainant, who was then 13 years old and larger in stature, "You got a problem?", to which the complainant replied "yeah". A witness for the Presentment Agency testified that he saw this encounter and advised the appellant that he "shouldn't look for trouble" and should leave, whereupon the appellant and the witness proceeded to the park to play basketball pursuant to a prearranged plan. When the appellant arrived at the park, he started to play basketball. The complainant and his friends went over to where the appellant was playing and started arguing.

It is undisputed that the complainant threw the first punch. The appellant stumbled, but the complainant kept punching him. The complainant could not recall how many times he hit the appellant. However, one of the complainant's friends testified that the complainant pounded the appellant six to eight times with very forceful punches. Most of the punches were delivered to the appellant's head. Meanwhile, at least two of the complainant's friends were cheering him on. According to the appellant, one of the boys pushed him towards the complainant, and the complainant knocked him down at least twice, kicking him while he was down. Then the appellant tried to kick the complainant.

The complainant acknowledged "I was hitting him for a while and then he threw a kick". The complainant caught the kick, grabbing the appellant's leg. The appellant then struck out with a key he was holding, and hit the complainant in the eye · while the complainant was still holding onto his ankle. The appellant claims he was not aiming at the eye or at anything in particular. The appellant then dropped the key and ran off.

It is clear from this record that the appellant used the key when all else, including kicking with his foot, failed, and he felt trapped and scared. Once given the opportunity, he exercised his duty to retreat.

Under the circumstances, the Family Court's conclusion that the justification defense was disproven beyond a reasonable doubt is contrary to the weight of the credible evidence (see, Matter of Y. K., 87 NY2d 430). Thompson, J. P., Krausman, Goldstein and Luciano, JJ., concur.