■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT WILLIAMS, Appellant. [719 NYS2d 227] —Judgment, Supreme Court, New York County (Harold Rothwax, J.), rendered June 18, 1997, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 8⅓ to 25 years, unanimously affirmed.

Defendant's suppression motion was properly denied. The People met their burden of proving beyond a reasonable doubt

that under the totality of the circumstances, defendant's statements were knowingly, intelligently and voluntarily made (*see, People v Anderson*, 42 NY2d 35). The burden of showing the validity of the police conduct in the first instance was on the People and once the lawfulness of that conduct was established, the burden of persuasion shifted to defendant to show that he was not mentally competent to voluntarily waive his rights (*People v Love*, 57 NY2d 998). The evidence did not establish that defendant's mental condition was such as to cast doubt on the voluntariness of his statements (*see, People v Williams*, 62 NY2d 285), or on their reliability (*see, People v Schompert*, 19 NY2d 300, *cert denied* 384 US 874).

The court properly exercised its discretion in precluding the defense from presenting expert testimony with respect to his justification defense. Under the circumstances of the case, whether defendant acted in self-defense was within the ken of the typical juror (*see, People v Robles*, 173 AD2d 337, *lv denied* 78 NY2d 1014). The psychiatric evidence was offered to show that defendant's belief that the victim was about to rob defendant of his (imaginary) hoard of valuable jewelry was a delusion. While psychiatric evidence may in some cases be relevant to the subjective component of the justification defense (*see, People v Goetz*, 68 NY2d 96, 114), in this case the proffered testimony would only have been relevant to an insanity defense. However, defendant expressly waived that defense.

We perceive no basis for reduction of sentence. Concur— Sullivan, P. J., Williams, Tom, Saxe and Friedman, JJ.