■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL ROLAND, Appellant. [725 NYS2d 251] —Judgment unanimously affirmed. Memorandum: The conviction of murder in the second degree (Penal Law § 125.25 [2]) is supported by legally sufficient evidence (*see, People v Russell,* 91 NY2d

280, 287-288). The evidence, viewed in the light most favorable to the prosecution, establishes that defendant, "[u]nder circumstances evincing a depraved indifference to human life," recklessly engaged in conduct creating a grave risk of death to another person by firing a loaded gun at one person, thereby causing the death of the victim standing nearby (Penal Law § 125.25 [2]). The verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). Supreme Court properly denied defendant's request to charge the jury on the justification defense. "[N]o reasonable view of the evidence establishes the elements of the defense" (*People v Reynoso,* 73 NY2d 816, 818; *see,* Penal Law § 35.15 [2] [a]).

The court properly granted the People's motion to consolidate for trial the indictments of defendant and his codefendant. The proof against defendant and codefendant was virtually identical (*see,* CPL 200.40 [1]; *People v Skinner,* 251 AD2d 1013, *lv denied* 92 NY2d 930, 1038). Contrary to the contention of defendant, his defense at trial was not in irreconcilable conflict with that of his codefendant (*see generally, People v Mahboubian,* 74 NY2d 174, 184), and there is no evidence to support his contention that the jury was confused by the joint trial. Upon defendant's objection to the introduction of codefendant's statement, the court redacted the statement so that it inculpated only codefendant, thus obviating any *Bruton* violation (*see, Bruton v United States,* 391 US 123). Defendant contends on appeal that the court should not have redacted codefendant's statement because it supported defendant's justification defense. Defendant waived that contention, however, by seeking the redaction at trial.

Defense counsel's objection to the use of codefendant's statement at trial does not constitute ineffective assistance of counsel; that statement did not exculpate defendant or support his theory of justification. Defendant's remaining claims concerning defense counsel's alleged deficiencies are without merit. Viewing the record as a whole, we conclude that defendant received meaningful representation (*see, People v Baldi,* 54 NY2d 137, 147). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Murder, 2nd Degree.) Present— Green, J. P., Hayes, Hurlbutt, Kehoe and Lawton, JJ.