■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEWELL BUSSEY, Appellant. [743 NYS2d 552] —Appeal by the defendant from a judgment of the County Court, Nassau County (Cotter, J.), rendered January 12, 1999, convicting him of murder in the first degree, robbery in the first degree (two counts), criminal possession of a weapon in the fourth degree, and tampering with physical evidence, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant's contention that his statements to the police should have been suppressed because he was represented by counsel on another case at the time he was questioned in this matter is without merit (*see People v Bing,* 76 NY2d 331; *see also People v Steward,* 88 NY2d 496, 499-502).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of first degree murder and tampering with physical evidence beyond a reasonable doubt. The evidence overwhelmingly demonstrated that the defendant intentionally killed the victim during the course of, and in furtherance of, a robbery, and that he thereafter attempted to dispose of the murder weapon. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant further contends that his conviction should be reversed because the trial court precluded him from introducing expert psychiatric evidence in support of an affirmative defense of not responsible by reason of mental disease or defect.

However, this issue was not preserved for appellate review since this defense was not asserted at the trial level (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Udzinski,* 146 AD2d 245). Further, the trial court providently exercised its discretion in precluding the defendant from offering any expert psychiatric testimony in support of his defense of extreme emotional disturbance after he had willfully failed to comply with a court order, which was issued upon consent, directing him to submit to an examination by the People's psychiatrist (*see* CPL 250.10 [5]; *People v Berk,* 88 NY2d 257; *People v Segal,* 54 NY2d 58). Therefore, even if he had attempted to raise the defense of not responsible by reason of mental disease or defect, he would have been properly precluded from offering any expert psychiatric testimony in support of that defense.

Furthermore, the trial court properly denied the defendant's request to instruct the jury on the affirmative defense of extreme emotional disturbance. The defendant's own statements "did not indicate that he experienced any extreme emotional disturbance at the time of the incident, or that such feelings would have been reasonable had he experienced them" (*People v Savage,* 148 AD2d 553; *see People v Roche,* 98 NY2d 70; *People v Hildreth,* 148 AD2d 879).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J.P., Altman, H. Miller and Cozier, JJ., concur.