■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SUSSMAN, Appellant. [748 NYS2d 552] —Judgment, Supreme Court, New York County (Antonio Brandveen, J.), rendered November 20, 1997, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him, as a second violent felony offender, to a term of 12½ to 25 years, and order, same court (Bruce Allen, J.), entered on or about October 24, 2001, which denied defendant's motion to vacate the judgment pursuant to CPL 440.10, unanimously affirmed.

Defendant's motion to suppress his postarrest statement was properly denied. The People met their burden of proving beyond a reasonable doubt that under the totality of the circumstances, defendant's statement was knowingly, intelligently and voluntarily made. Defendant's mental condition did not cast doubt on the voluntariness of his statement (see People v Williams, 62 NY2d 285; People v Williams, 279 AD2d 276, affd 97 NY2d 735). The hearing evidence established that defendant was completely coherent at the time of his statement, despite a past history of mental illness.

The court, which submitted manslaughter in the first degree as a lesser included offense of intentional murder, properly declined to further submit manslaughter in the second degree. Viewing the evidence in the light most favorable to defendant, there was no reasonable view of the evidence that would support a conviction of second-degree manslaughter but not first-degree manslaughter. While defendant's statement to the police, at best, negated an intent to cause death, it clearly admitted an intent to cause serious physical injury to the victim. Thus, by admitting intentional conduct, defendant negated any theory of recklessness (People v Gordon, 223 AD2d 372, lv denied 88 NY2d 936). Furthermore, the number, depth, and placement of the victim's stab wounds were completely inconsistent with reckless rather than intentional conduct.

Defendant's CPL 440.10 motion alleging ineffective assistance of counsel was properly denied without an evidentiary hearing. As determined by the motion court, defendant's unsupported allegations that defense counsel did not properly investigate his alibi claims were insufficient to raise an issue of fact, since they were thoroughly refuted by trial counsel's detailed affirmation (see People v Satterfield, 66 NY2d 796, 799-800).

The trial court properly declined to deliver a missing witness charge with respect to the second officer who was present when defendant gave his postarrest statement since the now retired

officer could not provide any material, noncumulative testimony (*see People v Gonzalez*, 68 NY2d 424). The balance of defendant's pro se claims is unpreserved for appellate review and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

We perceive no basis for a reduction of sentence. Concur—Nardelli, J.P., Mazzarelli, Sullivan, Ellerin and Rubin, JJ.