■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY HIGGINS, Also Known as JAMES OLIVER, Also Known as DEMETRIS MCCRAY, Also Known as OMAR GAMBLING, Appellant. [749 NYS2d 629] —Appeal from a judgment of Supreme Court, Erie County (Forma, J.), entered May 14, 1998, convicting defendant after a jury trial of, inter alia, criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of criminal facilitation in the fourth degree (Penal Law § 115.00 [1]), criminal possession of a weapon in the third degree (§ 265.02 [1]), and tampering with

physical evidence (§ 215.40 [2]). We reject defendant's contention that Supreme Court erred in granting the People's motion to consolidate for trial the indictments of defendant and codefendant. Defendant contends that a "reverse" *Bruton* violation (*see Bruton v United States,* 391 US 123) occurred as a result of the joint trial inasmuch as the court would not allow defense counsel to introduce defendant's entire statement in evidence, but rather allowed only a redacted version in order to protect the rights of codefendant. The redacted portions of defendant's statement were not exculpatory with respect to defendant, however, and it cannot be said that defendant was unduly prejudiced by the joint trial (*see People v Harris,* 193 AD2d 435, 436, *lv denied* 82 NY2d 719; *cf. People v Mahboubian,* 74 NY2d 174, 186-188; *People v Lewis,* 182 AD2d 1093, 1094, *lv denied* 80 NY2d 834; *see generally* CPL 200.40 [1]). Thus, as we previously determined on codefendant's appeal (*People v Roland,* 283 AD2d 965, 966, *lv denied* 96 NY2d 924), the court properly granted the People's motion for consolidation.

Defendant further contends that the court erred in allowing a police officer to testify that defendant accompanied him to the Grand Island Bridge and indicated the location where he had thrown the murder weapon into the river. Following a suppression hearing, the court granted defendant's suppression motion in part, suppressing one of three statements made by defendant. The court determined that defendant's first statement was admissible because defendant was not in custody when he made that statement, but the court suppressed the second statement on the ground that defendant was in custody and had not yet received *Miranda* warnings. Shortly after making the second statement, defendant showed the police where he had disposed of the murder weapon, and we conclude that the court should have suppressed that third "statement." Defendant was in custody at the time and had not yet received *Miranda* warnings. We further conclude, however, that the error is harmless beyond a reasonable doubt (*see People v Champion,* 273 AD2d 899, 899-900, *lv denied* 96 NY2d 733). Defendant does not contend that the court erred in refusing to suppress his first statement, and testimony concerning that statement was admitted in evidence at trial, including testimony concerning his admission that he threw the murder weapon from a bridge into the river below. The subsequent testimony concerning the third "statement" at the bridge thus "substantially duplicated" the prior testimony concerning the first statement (*People v Nova,* 198 AD2d 193, 195, *lv denied* 83 NY2d 808).

Defendant failed to preserve for our review his contention that the conviction of criminal possession of a weapon in the third degree is not supported by legally sufficient evidence (*see People v Gray,* 86 NY2d 10, 19). We reject defendant's contention that the conviction of criminal facilitation in the fourth degree and tampering with physical evidence is not supported by legally sufficient evidence. With respect to the conviction of criminal facilitation, the evidence establishes that, by providing codefendant with the murder weapon, defendant "believ[ed] it probable that he [was] rendering aid" to codefendant, who intended to commit a crime (Penal Law § 115.00 [1]; *see Mahboubian,* 74 NY2d at 193-194). There was testimony that, after the verbal altercation between codefendant and the person intended to be the victim, defendant told codefendant that defendant would kill that person. Although defendant told the police that he had given the gun to codefendant seven hours before the crime, there was testimony that, after the physical altercation between codefendant and the intended victim less than 10 minutes before the shooting, defendant appeared to pass something to codefendant while speaking to him in an animated fashion. With respect to the conviction of tampering with physical evidence, the evidence establishes that defendant disposed of the murder weapon "[b]elieving that * * * [it would be] used in an official proceeding or a prospective official proceeding" (§ 215.40; *see People v Johnson,* 219 AD2d 865, *lv denied* 87 NY2d 847). The verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495), and the sentence is neither unduly harsh nor severe. We have considered defendant's remaining contention and conclude that it is without merit. Present—Pigott, Jr., P.J., Hayes, Kehoe, Burns and Lawton, JJ.