THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS E. GUEVARA, Appellant. [892 NYS2d 696]—

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of vehicular manslaughter in the first degree (Penal Law § 125.13 [2] [b]) and felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [former (ii)]). We reject the contention of defendant that County Court erred in denying his request for access to the People's records that were available to the Probation Department in its preparation of the presentence report. In support of his request, defendant alleged that he sought equal access "to insure that any possible inaccuracies or misrepresentations . . . are addressed prior to sentencing." Contrary to defendant's contention, however, we conclude that the sentencing satisfied the requirements of due process, i.e., "that the information [upon which] the sentencing court relie[d] . . . [was] 'reliable and accurate' " and that defendant had an opportunity to respond to that information (*People v Hansen*, 99 NY2d 339, 345 [2003]; *see People v Outley*, 80 NY2d 702, 712 [1993]; *People v Clark*, 61 AD3d 1179, 1181 [2009], *lv denied* 12 NY3d 924 [2009]; *see generally People v Perry*, 36 NY2d 114, 119 [1975]). Indeed, defendant did not assert at sentencing that the court relied on misinformation or materially untrue assumptions in sentencing him (*see Hansen*, 99 NY2d at 346), and he was given the opportunity to contest the information in the presentence report, either by submitting his own presentence memorandum (*see* CPL 390.40 [1]), or by making a statement at sentencing (*see* CPL 380.50 [1]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.