■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY MATHIEU, Appellant. [920 NYS2d 388]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Sullivan, J.), rendered July 20, 2009, convicting him of criminal possession of a weapon in the second degree and tampering with physical evidence, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence with respect to the charge of criminal possession of a weapon in the second degree, as he failed, in his trial motion to dismiss, to raise the specific

contentions that he now raises on appeal (*see* CPL 470.05 [2]; *People v Goddard*, 72 AD3d 839, 839-840 [2010]; *People v Kearney*, 25 AD3d 622, 623 [2006]). In any event, there was legally sufficient evidence of the defendant's guilt of criminal possession of a weapon in the second degree. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on the count charging criminal possession of a weapon in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The defendant was convicted of criminal possession of a weapon in the second degree pursuant to Penal Law § 265.03 (3), which provides that a "person is guilty of criminal possession of a weapon in the second degree when . . . such person possesses any loaded firearm" outside of his or her "home or place of business." The Penal Law defines a "loaded firearm" as "any firearm loaded with ammunition or any firearm which is possessed by one who, at the same time, possesses a quantity of ammunition which may be used to discharge such firearm" (Penal Law § 265.00 [15]). "In order to support a conviction for criminal possession of a weapon in the second degree, which requires a 'loaded firearm,' the People must prove that both the firearm and the ammunition were operable" (*People v Aguilar*, 202 AD2d 512, 513 [1994] [citation omitted]; *see People v Cavines*, 70 NY2d 882 [1987]; *People v Shaffer*, 66 NY2d 663, 664 [1985]). Here, although the People did not set forth the basis for the conclusion that the gun was recovered containing a so-called "live round," the testimony of witnesses and forensic evidence were sufficient to show that the defendant fired the gun at the scene of the occurrence. Therefore, contrary to the defendant's contention, the evidence was sufficient to prove that he possessed a "loaded firearm" that was operable and contained live ammunition, for purposes of the count of criminal possession of a weapon in the second degree under Penal Law § 265.03 (3) (*see People v Harris*, 305 AD2d 614, 615 [2003]; *People v Solis*, 214 AD2d 689 [1995]).

The People also adduced legally sufficient proof with respect to the count of tampering with physical evidence, and the verdict of guilt on that count was not against the weight of the evidence (*see People v Green*, 54 AD3d 603 [2008]; *People v Grier*, 47 AD3d 729, 730 [2008]; *People v Lucas*, 25 AD3d 822, 823

[2006]; *People v Higgins*, 299 AD2d 841, 843 [2002]; *People v Bussey*, 295 AD2d 444, 444 [2002]).

The record demonstrates that the defendant was afforded the effective assistance of counsel (*see People v Taylor*, 1 NY3d 174 [2003]; *People v Benevento*, 91 NY2d 708, 711-713 [1998]; *People v Hernandez*, 49 AD3d 335, 336 [2008]; *People v Winchell*, 46 AD3d 1096, 1098 [2007]).

The defendant failed to preserve for appellate review his contention that the Supreme Court relied on purportedly misleading information in the presentence report (*see* CPL 470.05 [2]; *People v Baez*, 52 AD3d 840 [2008]; *People v Butler*, 10 AD3d 368, 368-369 [2004]). In any event, that contention is without merit (*see People v Hansen*, 99 NY2d 339, 346 [2003]; *People v Guevara*, 68 AD3d 1738, 1739 [2009]; *People v Baez*, 52 AD3d at 840).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Eng, Austin and Cohen, JJ., concur.