■ In the Matter of Mondy E., a Person Alleged to be a Juvenile Delinquent, Appellant. [994 NYS2d 173]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Mondy E. appeals from an order of disposition of the Family Court, Kings County (Ambrosio, J.), dated July 18, 2013, which, upon an order of fact-finding of the same court dated April 26, 2013, made after a hearing, finding that he committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree as a hate

crime, menacing in the third degree as a hate crime, and criminal mischief in the fourth degree as a hate crime, adjudged him to be a juvenile delinquent and placed him on probation for a period of 18 months. The appeal from the order of disposition brings up for review the order of fact-finding dated April 26, 2013.

Ordered the order of disposition is reversed, on the facts, without costs or disbursements, the order of fact-finding is vacated, the petition is dismissed, and the matter is remitted to the Family Court, Kings County, for further proceedings pursuant to Family Court Act § 375.1.

On June 5, 2012, the complainant, who was then in eighth grade, wore his mother's wig to school as a joke. As he entered the school cafeteria during the breakfast period and sat down with friends, a group of seventh-grade students including the appellant, who was then 12 years old, began taunting the complainant with various anti-homosexual/transgender epithets. About 20 seconds later, the complainant stood and approached the appellant's neighboring table and demanded that the boys stop their taunting. One of the appellant's companions stood and confronted the complainant and, as they argued, the appellant approached. Thereafter, the situation quickly degenerated into a physical fight, during which the right lens of the complainant's glasses, which was already cracked with a piece missing, broke and cut his right eye, leaving him blinded in that eye despite multiple surgeries attempting to restore his sight.

The presentment agency thereafter filed a petition alleging that the appellant committed acts which, if committed by an adult, would have constituted the crimes of assault in the third degree as a hate crime, menacing in the third degree as a hate crime, and criminal mischief in the fourth degree as a hate crime. At the fact-finding hearing, a surveillance video, on which most of the incident was captured, was admitted into evidence. After the fact-finding hearing, the Family Court found that the appellant had committed acts which, if committed by an adult, would have constituted the crimes enumerated in the petition, concluding that the presentment agency had disproved beyond a reasonable doubt the defense of justification based upon self-defense.

The defense of justification is available where, inter alia, the actor is acting in self-defense and the actor was not the initial aggressor (*see* Penal Law §§ 35.05, 35.10, 35.15; *People v Petty*, 7 NY3d 277, 284-285 [2006]). An actor is not the initial aggressor where his or her conduct consists of "mere insults as opposed to threats" (*People v Gordon*, 223 AD2d 372, 373 [1996]; *see People*

*v Baez*, 118 AD2d 507, 508 [1986]; *People v Giammarino*, 105 AD2d 802, 803 [1984]). Where this defense is raised, the presentment agency must disprove it beyond a reasonable doubt (*see* Penal Law §§ 25.00, 35.00; Family Ct Act § 303.3).

Here, although the evidence established that the appellant verbally threatened to "slap the glasses off [the complainant's] face," the complainant testified that the appellant made this threat before the situation degenerated into a physical fight. Moreover, this type of threat, in the context in which it was uttered, did not constitute the type of threat that would support the conclusion that the appellant was the initial aggressor (*cf. People v Petty*, 7 NY3d 277, 284 [2006]). Similarly, although the appellant admitted to insulting the complainant, those insults, considered either alone or in connection with the above-described threat, were not sufficient to make the appellant the initial aggressor in the altercation (*see People v Gordon*, 223 AD2d at 373; *People v Baez*, 118 AD2d at 508; *People v Giammarino*, 105 AD2d at 803). In any event, the surveillance video recording that was entered into evidence showed that, after the appellant allegedly threatened to knock the complainant's glasses off, he extended his hands, palms up, in a peacemaking gesture and then withdrew for approximately 20 seconds. Accordingly, the evidence did not support the conclusion that the appellant, by his conduct or by verbal threats, was the initial aggressor (*see e.g. Matter of Jose M.*, 250 AD2d 685, 686 [1998]). Moreover, the evidence also showed that the appellant withdrew from the confrontation in any event. Contrary to the presentment agency's contention, under these circumstances, the appellant was not barred from invoking the defense of justification based on self-defense (*see* Penal Law § 35.15 [1] [b]; *People v Petty*, 7 NY3d at 285 n 4; *cf. Matter of Argenis N.*, 257 AD2d 488, 489 [1999]; *People v Nettles*, 118 AD2d 875 [1986]). The evidence further demonstrated that, when the appellant again approached the complainant, who was then engaged in a verbal altercation with the appellant's companion, the complainant, not the appellant, initiated the physical confrontation by pushing the appellant's left shoulder and grabbing his shirt. Although the video recording showed that the appellant then briefly raised his fist, and then lowered it, it was the appellant's companion who hit the complainant while the appellant grabbed the complainant's backpack in an apparent attempt to pull him away. Only when the complainant turned to the appellant and grabbed him by the neck with both hands did the appellant throw a wild punch toward the complainant's face. The fight then continued, mainly outside the scope of the surveillance camera, but the video recording showed that the complainant

had the appellant in a headlock for several seconds while the appellant struggled to break free.

Notwithstanding the deference this Court gives to the credibility determinations of the Family Court (*see Matter of Uriah D.*, 74 AD3d 1194, 1195 [2010]; *Matter of Jamel G.*, 51 AD3d 918, 919 [2008]; *Matter of Kedne L.*, 45 AD3d 843, 844 [2007]), here, the Family Court's rejection of the appellant's defense of justification based upon self-defense was contrary to the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643-644 [2006]; *People v Cahill*, 2 NY3d 14, 58 [2003]). Accordingly, the allegations that the appellant committed acts which, had they been committed by an adult, would have constituted the crimes of assault in the third degree as a hate crime (*see* Penal Law §§ 120.00, 485.05) and criminal mischief in the fourth degree as a hate crime (*see* Penal Law §§ 145.00 [1]; 485.05) must be dismissed since they were based upon the appellant's conduct in punching the complainant in the face and breaking his glasses, respectively, acts which were justified in the appellant's self-defense.

The Family Court's conclusion that the appellant committed an act which, had it been committed by an adult, would have constituted the crime of menacing in the third degree as a hate crime, is also contrary to the weight of the evidence. The appellant's verbal threat to knock the complainant's glasses off was not sufficient to sustain a charge of menacing (*see Matter of Fabian J.*, 103 AD3d 564, 565 [2013]; *Matter of Jaccob S.*, 77 AD3d 523, 524 [2010]; *see Matter of Akheem B.*, 308 AD2d 402, 403 [2003]), and although the complainant testified that he was afraid of the appellant, the video recording did not establish that the complainant had "a well-founded fear of physical injury" (*Matter of Anisha McG.*, 27 AD3d 749, 751 [2006]; *Matter of Wanji W.*, 305 AD2d 690, 691 [2003]). The video recording showed, and the complainant admitted, first, that the complainant was both larger and several inches taller than the appellant and, more importantly, that the complainant repeatedly re-engaged both the appellant and his companion despite ample opportunities to retreat safely, and that the complainant was the primary physical aggressor. Accordingly, this charge must also be dismissed.

In light of the foregoing, we need not reach the appellant's remaining contentions. Mastro, J.P., Austin, Sgroi and Barros, JJ., concur.