People v McClymont (2015 NY Slip Op 01966)





People v McClymont


2015 NY Slip Op 01966


Decided on March 11, 2015


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2015
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
THOMAS A. DICKERSON
JEFFREY A. COHEN
HECTOR D. LASALLE, JJ.


2013-01700
 (Ind. No. 3274/10)

[*1]The People of the State of New York, respondent,
v
Romane McClymont, appellant.


Lynn W. L. Fahey, New York, N.Y. (John B. Latella of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, N.Y. (John M. Castellano, Johnnette Traill, Laura T. Ross, and Nicole J. A. Reid of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered January 9, 2013, convicting him of criminal possession of a weapon in the second degree and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to support his conviction of criminal possession of a weapon in the second degree because the People failed to prove that he possessed the subject firearm outside his place of business is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484; People v Mathieu, 83 AD3d 735). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish that the defendant possessed the firearm outside his place of business. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon viewing the record here, we are satisfied that the verdict of guilt on the count of criminal possession of a weapon in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
MASTRO, J.P., DICKERSON, COHEN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court