# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**267**

**KA 14-01503**

PRESENT: WHALEN, P.J., CENTRA, CARNI, DEJOSEPH, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DARSHAWN A. MORRIS, ALSO KNOWN AS SLINK,
DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (CAITLIN M. CONNELLY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered May 14, 2014. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, rape in the second degree and criminal sexual act in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]), rape in the second degree (§ 130.30 [1]), and criminal sexual act in the second degree (§ 130.45 [1]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support the murder conviction (*see People v Cobb*, 72 AD3d 1565, 1565, *lv denied* 15 NY3d 803). In any event, we conclude that the conviction is supported by legally sufficient evidence with respect to all of the crimes charged (*see People v Bleakley*, 69 NY2d 490, 495). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see Bleakley*, 69 NY2d at 495).

Contrary to defendant's contention, the verdict sheet, with the inclusion of defendant's nickname—"Slink"—was not substantively annotated in a manner not authorized by CPL 310.20 (2) (*see People v Miller*, 18 NY3d 704, 706). Furthermore, Supreme Court properly denied defendant's *Batson* application inasmuch as the prosecutor clearly provided a race-neutral basis for the challenge, i.e., that the decision-making ability of the prospective juror might be affected by the fact that her aunt had been murdered and that she herself had

previous encounters with the criminal justice system (*see People v Dixon*, 202 AD2d 12, 17-18).

We reject defendant's contention that his *Miranda* waiver was involuntary.  Although the evidence establishes that defendant had left an emergency psychiatric unit before waiving his rights, there is no evidence that defendant was mentally ill or otherwise impaired during his interrogation (*see People v Williams*, 279 AD2d 276, 277, *affd* 97 NY2d 735) and, "under the totality of the circumstances," we conclude that defendant's statements were knowingly, intelligently, and voluntarily made (*id.* at 276-277; *see People v Love*, 57 NY2d 998, 999).

Contrary to defendant's contention, the court did not abuse its discretion in admitting in evidence eight photographs of the victim's body.  Although the photographs " 'portray[ed] a gruesome spectacle and may [have] tend[ed] to arouse passion and resentment against the defendant in the minds of the jury,' " it cannot be said that such was their "sole purpose" inasmuch as the photographs tended to prove, inter alia, defendant's intent to kill (*People v Pobliner*, 32 NY2d 356, 369-370, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905; *see People v Stevens*, 76 NY2d 833, 836).  In addition, "the photographs were admissible to elucidate and corroborate" the testimony of a medical expert insofar as that testimony concerned defendant's intent (*Stevens*, 76 NY2d at 836; *see People v Camacho*, 70 AD3d 1393, 1394, *lv denied* 14 NY3d 886; *People v Jones*, 43 AD3d 1296, 1298, *lv denied* 9 NY3d 991, *reconsideration denied* 10 NY3d 812).  The court also properly exercised its discretion in denying defendant's midtrial motion to conduct DNA testing of a latex glove found near defendant's property (*see generally People v Ducret*, 95 AD3d 636, 636, *lv denied* 19 NY3d 996).  In any event, defendant may still seek relief on that point by making a motion pursuant to CPL 440.30 (1-a).

Defendant contends that the court erred in refusing to charge criminally negligent homicide as a lesser included offense of murder in the second degree inasmuch as there was a reasonable view of the evidence to support a finding that defendant committed the lesser offense but not the greater, i.e., that defendant was merely negligent in failing to assist the victim as she was allegedly attacked in defendant's apartment by his cousin.  We reject that contention. Criminally negligent homicide is a lesser included offense of murder in the second degree (*see People v Brooks*, 163 AD2d 832, 832-833, *lv denied* 76 NY2d 891), but charging the lesser crime would require defendant to have a "familial relationship" with the child victim and, therefore, an affirmative duty to assist her (*People v Myers*, 201 AD2d 855, 856).  Here, there is no such familial relationship and, therefore, no such affirmative duty.  Thus, even assuming, arguendo, that defendant's cousin attacked the victim, there is no reasonable view of the evidence that defendant committed the lesser offense of criminally negligent homicide (*see generally People v Glover*, 57 NY2d 61, 63-64).

Defendant further contends that he was deprived of a fair trial

based on improper remarks from the prosecutor during the trial regarding his nickname and other remarks made by the prosecutor on summation.  Defendant failed to preserve his contention for our review with respect to the majority of instances of alleged misconduct (*see* CPL 470.05 [2]), and we decline to exercise our power to address those instances as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  With respect to those instances of alleged misconduct that defendant preserved for our review, we conclude that reversal is not required (*see generally People v Mack*, 128 AD3d 1456, 1457, *lv denied* 26 NY3d 969).

Contrary to defendant's contention, the court properly declined his request to redact certain information from the presentence report inasmuch as the contested information was ruled on by the court after a *Huntley* hearing and was admitted in evidence at trial.  Thus, the court did not sentence defendant based upon unreliable information (*see People v Guevara*, 68 AD3d 1738, 1739), and the sentence is not unduly harsh or severe.

Defendant's remaining contentions have not been preserved for our review, and we decline to exercise our power to reach them as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Entered:  April 29, 2016                    Frances E. Cafarell
                                            Clerk of the Court