People v Amatuccio (2023 NY Slip Op 05616)

People v Amatuccio

2023 NY Slip Op 05616

Decided on November 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2019-14604
 (Ind. No. 1911/17)

[*1]The People of the State of New York, respondent,
v
Joseph Amatuccio, appellant.

Patricia Pazner, New York, NY (David Fitzmaurice and Patterson Belknap Webb & Tyler [Lauren Schorr Potter and Meghan Larywon], of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Ronald Eniclerico of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard L. Buchter, J.), rendered December 3, 2019, convicting him of criminal possession of a weapon in the second degree (three counts), criminal possession of a weapon in the third degree, and unlawful possession of pistol ammunition, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
Following a nonjury trial, the defendant was convicted of three counts of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and unlawful possession of pistol ammunition in connection with a shooting incident in the defendant's apartment wherein the victim died. The defendant was acquitted of the charge of murder in the second degree (Penal Law § 125.25[1]) on the ground that the prosecution failed to disprove the defense of justification beyond a reasonable doubt (see id. § 35.20[3]).
The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence with respect to the charge of criminal possession of a weapon in the second degree under Penal Law § 265.03(1)(b) (see CPL 470.05[2]; People v Mathieu, 83 AD3d 735, 735-736). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt as to the charge of criminal possession of a weapon in the second degree under Penal Law § 265.03(1)(b) (see id. § 265.15[4]; People v Mathieu, 83 AD3d at 736).
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he received ineffective assistance of counsel is without merit (see People v Caban, 5 NY3d 143, 152).
The sentences imposed on the convictions of criminal possession of a weapon in the second degree were not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit.
DUFFY, J.P., CHRISTOPHER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court