■ In the Matter of LIONEL F., Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (DePhillips, J.), dated January 20, 1988, as amended by order dated May 17, 1988, which, upon a fact-finding order of the same court, dated November 6, 1987, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crimes of criminal mischief in the fourth degree, unauthorized use of a vehicle in the third degree, and possession of burglar's tools, adjudged him to be a juvenile delinquent and placed him with the Division for Youth, Title II, for one year. The appeal brings up for review the fact-finding order dated November 6, 1987.

Ordered that the fact-finding order is modified by deleting the finding that the appellant committed an act which, if committed by an adult, would have constituted the crime of criminal mischief in the fourth degree; as so modified, the fact-finding order is affirmed, without costs or disbursements; and it is further,

Ordered that the order of disposition, as amended, is affirmed, without costs or disbursements.

The court's reversal of its prior decision to grant the appellant's motion to dismiss the petition for failure to establish prima facie the requisite elements of the offenses charged, did not expose the appellant to double jeopardy. The court erroneously granted the motion to dismiss the petition while under the misapprehension that a showing that the automobile at issue was stolen was required to establish the elements of unauthorized use of a vehicle in the third degree, criminal mischief in the fourth degree, and possession of burglar's tools. When this error of law was brought to the court's attention, the court reinstated the dismissed charges. Although, under certain circumstances dismissal of an indictment on grounds of legally insufficient evidence has been held tantamount to an acquittal (see, People v Lerner, 128 AD2d 641), where, as here the "dismissal or acquittal does not amount to an adjudication on the facts," further proceedings are not proscribed by the Double Jeopardy Clauses of the Federal and State Constitutions (see, Matter of Pastrana v Baker, 55 NY2d 315, 319). The correction of the legal error at bar did not require further adjudication of the facts, but merely reconsideration of the applicable law.

A Family Court decision is accorded the same weight as

that given a jury verdict *(see, Matter of Angel R.,* 134 AD2d 265, 266). Viewing the evidence in the light most favorable to the presentment agency *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the appellant's guilt beyond a reasonable doubt with respect to those offenses, which if committed by an adult would have constituted the crimes of possession of burglar's tools and unauthorized use of a vehicle in the third degree, since both the vehicle's owner's lack of consent and the appellant's unlawful intent respecting the screwdriver observed in his possession can be inferred from the circumstances surrounding the incident *(see, People v Borrero,* 26 NY2d 430).

However, with respect to the offense of criminal mischief in the fourth degree, the presentment agency adduced no evidence to establish that it was the appellant who had damaged the vehicle in question by punching out the ignition mechanism, and thus, the finding of guilt on that count cannot stand.

Although the fact-finding order must be modified by deleting the finding that the appellant had committed an act, which if committed by an adult, would have constituted the crime of criminal mischief in the fourth degree, we find that the imposition of two years' probation was appropriate with respect to the charges of unauthorized use of a vehicle in the third degree and possession of burglar's tools, of which the appellant was properly convicted. Moreover, the appellant's subsequent violation of the terms of probation supported the amendment of the dispositional order placing him with the Division of Youth for one-year detention. Bracken, J. P., Rubin, Spatt and Sullivan, JJ., concur.