OPINION OF THE COURT
William Mogulescu, J.
The defendant, Christopher Morales, stands charged with one count of riot in the second degree (Penal Law § 240.05). By notice of motion dated June 25, 1993, defendant moves to dismiss the accusatory instrument as facially insufficient, as *444 well as for other relief. The People have not, to date, filed a response.
The accusatory instrument states, in pertinent part:
"Deponent states that he observed the defendant together with Hubert Gray, Mark Albritton, Derrick Reid and Lamont Gray (separately charged) at the above location and that he observed approximately ten other individuals present at the location.
"Deponent further states that he heard the defendant screaming in substance, 'Fuck these cops. Fuck them up. They’re fucking pussies,’ while the separately charged defendants were pushing and fighting with the deponent and several other police officers.”
Penal Law § 240.05 states that "[a] person is guilty of riot in the second degree when, simultaneously with four or more other persons, he engages in tumultuous and violent conduct and thereby intentionally or recklessly causes or creates a grave risk of causing public alarm”.
To be sufficient on its face, an information must state evidentiary facts which provide reasonable cause to believe that the defendant committed the offense charged. (CPL 100.40 [1] [b].) In addition, an information must contain non-hearsay allegations which establish, if true, every element of the offense charged and the defendant’s commission thereof. (CPL 100.40 [1] [c]; 100.15 [3].) In People v Alejandro (70 NY2d 133 [1987]), the Court of Appeals held that the failure of an information to contain such nonhearsay allegations sufficient to establish both reasonable cause to believe that defendant committed the crime charged, as well as legally sufficient or prima facie evidence supporting that belief, renders the information jurisdictionally defective.
Defendant now contends that the accusatory instrument is defective in that there is no allegation of "violent and tumultuous conduct”, as is required by the statute. Specifically, defendant avers that "defendant’s purported statements, even if viewed as encouragement to others to offensive conduct, are not conduct in themselves.” This court agrees.
In People v Cawley (NYLJ, June 14, 1991, at 24, col 3 [Crim Ct, Bronx County, Cataldo, J.]) defendant Cawley and codefendant Brown were charged with, among other things, riot in the second degree. In that case it was alleged that defendant Brown and a group of over 20 individuals were asked to clear a commuter platform. In response to this request, Brown *445 "while holding up a ruler in her hand loudly said * * * fuck the police, they can’t tell us what to do; there are more of us than him”. (Supra, at 24, col 5.) Others in the crowd joined in, and Brown, who refused to leave, continued yelling "we don’t have to listen; there are more of us that [sic] him”. (Supra.) Noting that at no point did Brown engage in a fight with the officer, the court held that her words were "a call to inaction as opposed to a cry to attack” (supra) and dismissed the count.
Similarly, in the case now before this court it is nowhere alleged that defendant engaged in a fight with the police officers. Further, although the Cawley court found that the act of holding a ruler in the air while shouting a cry of defiance was an "equivocal” act, this court is not even presented with any such equivocal behavior. Indeed, all that is alleged is that defendant shouted various obscenities; it is the separately charged individuals who are alleged to have engaged in pushing and fighting. The fact that the defendant’s shouting took place contemporaneously with the "riotous” actions of others is not sufficient to establish his participation in the "riot”.
As noted in the Practice Commentary, "[t]he phrase 'tumultuous and violent conduct’ * * * means much more than mere loud noise or ordinary disturbance. 'It is designed to connote frightening mob behavior involving ominous threats of injury, stone throwing or other such terrorizing acts’ ”. (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 240.05, at 210 [citation omitted].) Thus, in order to be guilty of a violation of Penal Law §240.05, an individual must actually participate through his or her own acts. While the facts herein pleaded might support the conclusion that defendant urged others to riot they clearly do not establish that defendant engaged in tumultuous and violent conduct. To hold otherwise would, under these facts, eliminate the distinction between riot and inciting to riot.* Penal Law § 240.08 "was designed to penalize those who urge riotous conduct, without the necessity of proving a consummated riot or an agreement to riot by persons assembled with the accused”. (People v Winston, 64 Misc 2d 150, 152 [Monroe County Ct 1970].) In the instant case the information provides no surrounding facts which might establish the defendant’s relationship with the alleged rioters or anything more than his potential encouragement of their actions.
*446 Accordingly, defendant’s motion to dismiss the accusatory instrument as facially insufficient is granted. (See, CPL 100.40; People v Cawley, supra.) Having granted defendant’s motion to dismiss the court need not address the remainder of defendant’s motion.

 Penal Law § 240.08 states that "[a] person is guilty of inciting to riot when he urges ten or more persons to engage in tumultuous and violent conduct of a kind likely to create public alarm”.