■ In the Matter of PAHEE K., a Person Alleged to be a Juvenile Delinquent, Appellant. [636 NYS2d 842] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Rockland County (Warren, J.), dated April 24, 1995, which, upon a fact-finding order of the same court, entered January 20, 1995, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of petit larceny, adjudged him to be a juvenile delinquent and placed him under the supervision of the Department of Probation for a period of one year. The appeal brings up for review the fact-finding order entered January 20, 1995.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Contrary to the appellant's contentions, when viewed in a light most favorable to the presentment agency (see, Matter of Lionel F., 152 AD2d 571, affd 76 NY2d 747, cert denied 498 US 923) the evidence adduced at the fact-finding hearing was legally sufficient to establish his commission of an act which, if committed by an adult, would constitute the crime of petit larceny. The evidence established that the appellant stole an audio cassette tape from a record store. The appellant's companion testified that the appellant had the tape in his pocket and that the appellant left the store without paying for it. A security guard witnessed the theft of the tape and saw it in the appellant's possession outside the store immediately prior to the appellant's attempted flight. While there was no express testimony as to ownership of the tape, under all the circumstances presented the appellant's lack of ownership of the tape could reasonably be inferred (see, People v Stafford, 173 AD2d 233; Matter of Kevin B., 128 AD2d 63). Likewise, that the appellant lacked permission to remove the tape from the store without paying for it could also be inferred (see, People v McCrea, 194 AD2d 742; People v Wright, 68 AD2d 930).

We have reviewed the appellant's remaining contentions and find them to be without merit. Mangano, P. J., Miller, Ritter and Pizzuto, JJ., concur.