[912 NYS2d 391]

In the Matter of CHRISTOPHER M., a Person Alleged to be a Juvenile Delinquent, Respondent.

Family Court, Kings County, October 18, 2010

## APPEARANCES OF COUNSEL

*Michael A. Cardozo, Corporation Counsel*, Brooklyn (*Steven Costigliacci* of counsel), for presentment agency. *Cheryl Solomon*, Brooklyn, *Law Guardian*.

## OPINION OF THE COURT

Lee H. Elkins, J.

Respondent Christopher M. submits that the two charges in the petition, unlawful assembly and riot in the second degree, are facially insufficient and therefore the petition against him should be dismissed. Petitioner contends that the facts alleged in the petition are sufficient to establish each element of the crimes charged and the respondent's commission thereof, and therefore the petition should not be dismissed.

The petition and the supporting deposition allege the following facts. At approximately 3:10 P.M. on June 2, 2010, police responded to a radio call and observed two groups of young people facing each other. The groups were near a school. The police affiant states that two groups were "threatening" each other. The affidavit does not recount the words that the officer deemed "threatening." Ten individuals comprised one group and 20 individuals comprised the other. The respondent was seen in the group of 20 individuals. The affiant recounts that some members of the group were "reaching for their waistbands," without indicating that any weapons were seen. Members of the respondent's group possessed a golf club, a broomstick, and a belt. The person with the belt waived the belt in the air over his head. When the police attempted to disperse the groups, one of the members of the respondent's group threw a glass bottle, which shattered on the ground near the police.

Pedestrians in close proximity to the groups crossed the street in the direction away from the two groups.

In order to be sufficient as a pleading, a juvenile delinquency petition must contain a plain and concise factual statement of each count, which asserts facts supporting every element of the crime charged and the respondent's commission thereof. (Family Ct Act § 311.1 [3] [h].) Reasonable cause to believe that the respondent committed the crimes charged must be established by the facts alleged. (*See People v Dumas*, 68 NY2d 729 [1986].) In making its determination regarding the sufficiency of each count in the petition, the court views the petition in the light most favorable to the presentment agency. (*See e.g. Matter of Lionel F.*, 152 AD2d 571 [2d Dept 1989].)

As noted in the Practice Commentary (Denzer and McQuillan, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 240.08 [1967]) regarding the revised Penal Law, the offenses of riot (Penal Law § 240.05), unlawful assembly (Penal Law § 240.10) and inciting to riot (Penal Law § 240.08) define a spectrum of conduct from actually engaging in riot to the inchoate offense of assembly with others for the purpose of engaging in tumult and violence to inciting others to riot.

An individual violates Penal Law § 240.05 when he, simultaneously with four or more other persons, engages in tumultuous and violent conduct and thereby intentionally or recklessly causes or creates a grave risk of causing public alarm. The petition fails to state any act of tumultuous and violent conduct engaged in by the respondent. (*See People v Morales*, 158 Misc 2d 443, 445 [Crim Ct, NY County 1993].) Nor are any facts alleged which would support an inference that the respondent intentionally aided, solicited, importuned or commanded any other member of the group to engage in violent conduct. (Penal Law § 20.00.) Stated otherwise, where the prosecution relies upon a theory of accomplice liability, the pleading must allege facts specific to the respondent from which it may be inferred that the respondent shared a community of purpose with others engaged in violent and tumultuous conduct, which went beyond his mere presence at the scene. (*See People v La Belle*, 18 NY2d 405 [1966].) Count one, alleging riot in the second degree, is dismissed.

Similar considerations require that count two, unlawful assembly, be dismissed. As noted by the Practice Commentary, unlawful assembly is an inchoate crime, preparatory to riot, which is defined in terms of accomplice liability. An individual

violates Penal Law § 240.10 when he assembles with four or more other persons for the purpose of engaging or preparing to engage with them in tumultuous and violent conduct likely to cause public alarm, or when, being present at an assembly which either has or develops such purpose, he remains there with the intent to advance that purpose. It is the specific intent of the accused that distinguishes unlawful from lawful and, therefore, constitutionally protected, assembly. And, as in the case of other forms of accomplice liability, the intent of the accused must be ascertained from acts and words attributable to the accused.

Because the only overt act proscribed by the unlawful assembly statute—"assembles"—potentially impinges upon the First Amendment right to freedom of assembly, the statute must be interpreted to conform with constitutional parameters. (*People ex rel. Morriale v Branham*, 291 NY 312 [1943]; *People v Biltsted*, 150 Misc 2d 872 [Crim Ct, NY County 1991].) In *Biltsted*, the trial court rejected the argument that Penal Law § 240.10 was facially overbroad, under the constitutional test announced in *Brandenburg v Ohio* (395 US 444 [1969]). The *Biltsted* court observed that in order to avoid unconstitutional overbreadth in statutes which directly affect the rights of assembly and speech, there must be evidence of a clear and present danger of imminent violence or unlawful conduct. (150 Misc 2d 872 [1991].) The *Biltsted* court, noting that the unlawful assembly statute was intended to close a gap between the offenses of riot and inciting to riot (Denzer and McQuillan, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 240.08 [1967]), held that similar constitutional limits must apply to sanctions against the act of assembly as apply to speech. (150 Misc 2d 872 [1991].) That is, before an individual may be charged with unlawful assembly, there must be evidence of "actions [that] constitute an incitement which is both directed towards and likely to produce imminent violent and tumultuous conduct." (150 Misc 2d at 879-880.) Consequently, the *Biltsted* court grafted on to Penal Law § 240.10 a requirement that the prosecution prove the defendant shared a community of purpose *imminently* to engage in violent and tumultuous conduct. It follows that presence as part of a group in which some members may be threatening violence and tumult would not suffice to establish a violation of Penal Law § 240.10, absent evidence which supports an inference that the accused

specifically shared the intent to further that purpose.* As the *Biltsted* court wrote: "It has been held that specially meticulous inquiry into the sufficiency of proof is justified and required because of the real possibility in considering group activity, characteristic of political or social movements, of an unfair imputation of the intent or acts of some participants to all others." (150 Misc 2d at 880.) Therefore, in order to be facially sufficient, the petition must allege conduct, words or acts specific to the respondent which supports an inference that the respondent's purpose in being present with the group was to engage in imminent violent and tumultuous conduct.

▇ There are no facts alleged here from which the court could draw that inference. In fact, the only allegation made that is specific to the respondent is that he was observed to be part of the group of 20 individuals. The allegation that members of the group were "threatening" is not specific to the respondent and is otherwise conclusory. (*See e.g. People v Garfield*, 63 Misc 2d 79 [Utica City Ct 1970].) No other facts about the respondent are alleged.

The presentment agency argues under *Matter of Donovan B.* (278 AD2d 95 [1st Dept 2000]) that the actions of the group should be imputed to the respondent. In *Donovan B.*, the Court sustained a finding where the respondent, wearing gang colors, was engaged in a fist fight with an individual wearing the colors of a rival gang, in close proximity to a battle between large groups of gang members. There the respondent's conduct in wearing gang-colored attire and participation in a physical fight occurring in close spatial and temporal proximity to the larger fight supported an inference that he shared the purpose of his fellow gang members to engage in imminent tumultuous and violent conduct. The present case is distinguishable. The petition in this case does not contain any specific information, other than the respondent's presence, that links him to the conduct of

---

* In this regard, the court disagrees with the holding of the court in *People v Sanchez* (25 Misc 3d 1104 [Crim Ct, Queens County 2009]), which held that the presence of a large number of gang members in a public park sufficed to establish that each of them violated this statute. The court referred to earlier versions of the statute to ascertain legislative intent to proscribe mere presence in an unlawful assembly. In its earlier manifestation, the statute did not require any mental culpability. Rather, under Penal Code of 1881 § 451 (3), a person violated the statute by participating in an assembly of three or more persons who attempt or threaten any act tending to breach the peace or any unlawful act "by his presence." The revised Penal Law imposes a higher level of mental culpability.

the larger group. There is nothing alleged to support an inference about the respondent's purpose in being present or upon which to impute a purpose from the larger group to him. Therefore, the petition fails to state factually any act by the respondent which would support an inference that he shared a purpose to engage in imminent tumultuous and violent conduct, as required by Penal Law § 240.10.

It is, therefore, ordered, that the petition is dismissed.