██ In the Matter of CHRISTOPHER M., a Person Alleged to be a Juvenile Delinquent, Respondent. PRESENTMENT AGENCY, Appellant. [943 NYS2d 171]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the Presentment Agency appeals from an order of the Family Court, Kings County (Elkins, J.), dated October 18, 2010, which dismissed the petition.

Ordered that the order is affirmed, without costs or disbursements.

"[A] petition is the sole instrument for the commencement, prosecution, and adjudication of [a] juvenile delinquency proceeding" (*Matter of Detrece H.*, 78 NY2d 107, 110 [1991]), and it must include, among other things, "a plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of the crime charged and the respondent's commission thereof with sufficient precision to clearly apprise the respondent of the conduct which is the subject of the accusation" (Family Ct Act § 311.1 [3] [h]; *see Matter of Edwin O.*, 91 AD3d 654 [2012]). A petition is sufficient on its face when "the allegations of the factual part of the petition, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the respondent committed the crime or crimes charged," and the "non-hearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof" (Family Ct Act § 311.2 [3]; *see* § 311.2 [2]; *Matter of Jahron S.*, 79 NY2d 632, 635 [1992]; *Matter of Edwin O.*, 91 AD3d 654 [2012]).

Here, the petition alleged that the respondent committed acts which, if committed by an adult, would constitute the crimes of riot in the second degree (Penal Law § 240.05) and unlawful assembly (Penal Law § 240.10). In a supporting affidavit, the arresting officer stated that, on a public street in Brooklyn, he observed two large groups of individuals, one of which included the respondent, facing each other and "threatening" each other. The officer affirmed that some individuals were "reaching for

their waistbands," and other individuals possessed a golf club, a broomstick, and a belt. When the police attempted to disperse the groups, one individual threw a glass bottle, which shattered on the ground near the police.

These allegations were facially insufficient as to the charge against the respondent of riot in the second degree because they failed to state any act of tumultuous or violent conduct engaged in by him. Moreover, because the petition merely alleged that the respondent was present at the scene, and did not allege facts specific to the respondent from which it may be inferred that he shared a community of purpose with others to engage in violent and tumultuous conduct, the requirements for accessorial liability were not met (see Penal Law § 20.00; People v La Belle, 18 NY2d 405, 412 [1966]; People v White, 178 AD2d 452, 453 [1991]; People v Cummings, 131 AD2d 865, 866-867 [1987]). Accordingly, the count alleging riot in the second degree was properly dismissed.

The petition was also facially insufficient as to the count alleging unlawful assembly. Other than the respondent's mere presence at the scene, there are no specific allegations that link him to the conduct and purpose of the group and nothing alleged that supports an inference that he shared a community of purpose with others to engage in or prepare to engage in tumultuous and violent conduct (see Penal Law § 20.00; People v La Belle, 18 NY2d 405 [1966]; cf. Matter of Barbara M., 298 AD2d 288 [2002]; Matter of Donovan B., 278 AD2d 95, 95-96 [2000]).

Accordingly, the Family Court properly dismissed the petition for facial insufficiency. Skelos, J.P., Florio, Eng and Roman, JJ., concur. **[Prior Case History: 29 Misc 3d 1096.]**