Matter of Kareem E.

2026 NY Slip Op 02014

April 2, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Kareem E., Alleged to be a Juvenile Delinquent. Schenectady County Attorney, Respondent; Kareem E., Appellant.

Decided and Entered:April 2, 2026

CV-24-1877

Calendar Date: January 7, 2026

Before: Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald And Fisher, JJ.

Mitchell S. Kessler, Cohoes, for appellant.

Christopher H. Gardner, County Attorney, Schenectady (Gilah Moses of counsel), for respondent.

[*1]

Fisher, J.

Appeal from an order of the Family Court of Schenectady County (Kevin Burke, J.), entered October 23, 2024, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 3, to adjudicate respondent a juvenile delinquent.

In February 2024, petitioner commenced this juvenile delinquency proceeding against respondent (born in 2009) based upon allegations that he engaged in a physical altercation with another individual in a parking lot with several other individuals present, failed to respond to police commands to cease fighting and then had to be physically restrained by two officers in order to effectuate his arrest. Following a fact-finding hearing, Family Court found that respondent had committed acts that, if committed by an adult, would constitute the crimes of riot in the second degree, attempted assault in the third degree and resisting arrest.FN1 Following a dispositional hearing, Family Court adjudicated respondent a juvenile delinquent and placed him on probation for one year. Respondent appeals.

Respondent initially contends that the petition is jurisdictionally defective with respect to second-degree riot, which requires proof that a person, "simultaneously with four or more other persons, . . . engages in tumultuous and violent conduct and thereby intentionally or recklessly causes or creates a grave risk of causing public alarm" (Penal Law § 240.05). We agree. A juvenile delinquency petition is facially sufficient "when nonhearsay allegations of the factual part of the petition or of any supporting depositions establish, if true, every element of each crime charged and the respondent's commission thereof" (Matter of Antwaine T., 23 NY3d 512, 515-516 [2014] [internal quotation marks and citation omitted]). The absence of factual allegations supporting each element of the crimes charged constitutes "a jurisdictional defect that is nonwaiveable and is reviewable for the first time upon appeal" (Matter of Tashawn MM., 218 AD3d 906, 907 [3d Dept 2023] [internal quotation marks, ellipsis and citation omitted]).

The petition alleges that respondent "did engage in a physical altercation with another unknown juvenile . . . with more than four people present, recklessly causing public alarm." The supporting deposition of the police lieutenant who responded to the incident stated only that he observed "several" individuals fighting in the street and the parking lot, that respondent was "significantly larger" and repeatedly punching another individual in the head who "did not appear to be able to defend himself," and that respondent was "accompanied by" eight other individuals. Taken together, these allegations do not establish that respondent and four other individuals simultaneously engaged in tumultuous and violent conduct, i.e., conduct that was "much more than mere loud noise or ordinary disturbance" and instead rises to the level of "frightening mob behavior involving ominous threats of injury, stone throwing or [*2]other such terrorizing acts" with at least four other individuals (People v Morales, 158 Misc 2d 443, 445 [Crim Ct, NY County 1993] [internal quotation marks and citation omitted]; see Penal Law § 240.05; Matter of Christopher M., 94 AD3d 1119, 1120 [2d Dept 2012]; compare People v Michie, 52 Misc 3d 270, 276 [Crim Ct, Bronx County 2016]). As such, the relevant portion of the petition must be dismissed (see Family Ct Act § 315.1 [1], [2]; Matter of Savannah F., 232 AD3d 1100, 1103 [3d Dept 2024]).

Next, respondent's challenge to the legal sufficiency of the evidence in connection with attempted assault is unpreserved because the specific grounds being advanced on appeal were not raised in his trial motion to dismiss before Family Court (see Matter of Angel ZZ., 220 AD3d 1097, 1097 [3d Dept 2023]).FN2 Nevertheless, "[w]hen presented with a weight of the evidence argument in a case, such as this one, where a different determination would not have been unreasonable, we view the evidence in a neutral light while according deference to the credibility determinations of Family Court" (Matter of Lucas Y., 223 AD3d 1057, 1058 [3d Dept 2024] [internal quotation marks and citations omitted], lv denied 41 NY3d 909 [2024]). As pertinent here, "attempted assault in the third degree requires proof that [the] defendant engaged in conduct which tends to effect the commission of assault with the intent to cause physical injury to another" (People v Repanti, 24 NY3d 706, 710 [2015] [internal quotation marks, brackets and citation omitted]). "Physical injury" is an "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9] [internal quotation marks omitted]). In addition, "[a] person is guilty of resisting arrest when he [or she] intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself [or herself] or another person" (Penal Law § 205.30; see People v Hadlock, 218 AD3d 925, 927 [3d Dept 2023], lv denied 40 NY3d 997 [2023]).

Here, the responding police officers testified that they arrived at the scene and observed a large group of people fighting in the street and the parking lot. According to the police lieutenant, he observed several people throwing punches at each other and attempted to break up a fight involving respondent — who appeared to be "much larger" and "was attacking and punching" another person. The lieutenant further testified that he advised respondent that he was under arrest and to put his hands behind his back, but that he refused to do so. The body camera video from the patrol officer assisting the lieutenant depicts respondent and the other person exchanging punches, including respondent landing several punches to the face, head or neck area of the other individual. The footage further shows the lieutenant holding respondent's arms behind his back when respondent suddenly pulls his arms away and flails backwards, before both officers then push respondent to the [*3]ground to effectuate the arrest.

Although a different verdict as to attempted assault in the third degree would not have been unreasonable given that the police were unable to identify the individual who had been punched by respondent and determine whether he had sustained a physical injury, we are satisfied that the verdict is supported by the weight of the evidence (see People v Hall, 243 AD3d 1070, 1072 [3d Dept 2025]; People v Bonilla, 229 AD3d 850, 853 [3d Dept 2024], lv denied 42 NY3d 1018 [2024]). The evidence presented during the hearing, viewed in a neutral light, established that defendant was larger and landed several punches to the other individual's face, head or neck — therefore coming "dangerously close" to causing "substantial pain" to another (People v Lendof-Gonzalez, 36 NY3d 87, 89 [2020] [internal quotation marks and citation omitted]; Penal Law § 10.00 [9]; see Penal Law § 110.00; Matter of Dowayne H., 278 AD2d 706, 707 [3d Dept 2000]). In doing so, respondent's actions provided probable cause for an arrest for misdemeanor assault or attempted assault (see Family Ct Act § 305.2 [2]; Penal Law § 120.00 [1]; Matter of Kalexis R., 85 AD3d 927, 928 [2d Dept 2011]). Based on the testimony of the police officers and the body camera footage depicting the struggle between them and respondent in effectuating the arrest, and deferring to Family Court's assessment of the witnesses' credibility, we conclude that Family Court's determination with respect to resisting arrest is also not against the weight of the evidence (see People v Cox, 129 AD3d 1210, 1211-1212 [3d Dept 2015], lv denied 26 NY3d 966 [2015]; see also People v Jones, 214 AD3d 1340, 1341-1342 [4th Dept 2023], lv denied 39 NY3d 1155 [2023]). We have examined respondent's remaining contentions and have found them to be without merit or academic.

Clark, J.P., and Pritzker, J., concur.

Aarons, J. (dissenting in part).

Although we agree with the majority's conclusion that the riot charge is defective, we would go further and dismiss the entire petition. As such, we respectfully dissent from the majority's affirmance of the order adjudicating respondent a juvenile delinquent based upon the crimes of attempted assault in the third degree and resisting arrest.

As to attempted third-degree assault, the police officers who testified indicated that they did not witness who started the altercation, and the alleged victim fled as police were arresting respondent. The alleged victim did not testify or provide any evidence. The first image in the video from the body camera worn by the patrol officer shows that the alleged victim swung his arms at respondent while police officers looked on and shouted for the pair to break up the fight; respondent then punched the alleged victim repeatedly. This evidence was enough to put a justification defense into issue, requiring petitioner to disprove that defense (see Penal Law § 25.00 [1]).FN3 Testimony that the alleged victim did not appear to [*4]be able to defend himself did not prove respondent was the initial aggressor so as to disprove justification (see Penal Law § 35.15 [1]; Matter of Ganjel P., 131 AD3d 877, 877 [1st Dept 2015]). Therefore, in our view, Family Court's finding as to attempted third-degree assault is against the weight of the evidence; accordingly, we would dismiss that part of the petition (see Matter of Mondy E., 121 AD3d 785, 788 [2d Dept 2014]).

Next, although we agree that Family Court's finding with respect to resisting arrest is not against the weight of the evidence (see Matter of Kara M., 242 AD2d 630, 631 [2d Dept 1997]), the evidence indicates that respondent's level of physical resistance did not involve more than pulling away from the police lieutenant who was holding respondent's arms behind his back. At that point, the lieutenant and the patrol officer tackled respondent to the ground. Testimony established that police focused on respondent because his appearance made them believe he was a 20-year-old adult; they did not discover they had arrested a 14-year-old child until after they brought him to the station. Though the patrol officer testified that the alleged victim appeared unable to defend himself, the officer's body camera video shows the alleged victim swinging his fist at respondent's head, and respondent trying to dodge that swing. Further, there was no evidence that respondent's conduct inhibited the operation of the ambulance company where the incident occurred; thus, as we see it, the location of the incident did not elevate the gravity of respondent's conduct. Finally, the attempted assault count was not a serious crime, and there was no evidence that respondent's conduct resulted in any injury to the alleged victim or the arresting officers (see Family Ct Act § 315.2 [1]; Matter of A. WW., 237 AD3d 1420, 1423 [3d Dept 2025]). Given all of these considerations, we would exercise the Court's discretion to dismiss the resisting arrest count in furtherance of justice (see Family Ct Act § 315.2 [1], [2]; Matter of Steven C., 93 AD3d 91, 95 [2d Dept 2012]).

Reynolds Fitzgerald, J., concurs.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as adjudged that respondent committed an act which if committed by an adult would constitute the crime of riot in the second degree; count 1 of the petition is dismissed; and, as so modified, affirmed.

Footnotes

Footnote 1: Family Court dismissed the charge of obstructing governmental administration.

Footnote 2: We reject respondent's contention that petitioner failed to disprove the justification of self-defense, as he never raised such issue before Family Court (see Matter of Rasean B., 7 AD3d 520, 521 [2d Dept 2004]). Thus, petitioner had no reason to present evidence concerning respondent's belief as to the necessity of the use of physical force, his ability to retreat or whether the fight depicted in the body camera footage was mutual combat to which the defense of justification does not apply (see Penal Law § 35.15 [1] [c]; People v Hall, 195 AD3d 1574, 1575 [4th Dept 2021], lv denied 37 NY3d 1096 [2021]). To the extent that petitioner's counsel may be viewed as conceding on appeal that Family Court was "fully aware" that justification could have been a defense to the attempted assault charge, we are free to reject concessions belied by the record — like here (see e.g. People v Cooper BB., 229 AD3d 944, 944 [3d Dept 2024], lv denied 42 NY3d 1019 [2024]).

Footnote 3: Although there is no record of respondent's trial counsel requesting that Family Court consider a justification defense at the fact-finding hearing, petitioner states on appeal that the court "was fully aware that self-defense could be a defense to the charge" and addresses the merits of the defense without arguing that the defense is unpreserved. Petitioner did not appear at oral argument, and respondent has different counsel on appeal. Under the circumstances, we consider petitioner's representation a concession that the issue is preserved. Alternatively, in our estimation, the same factors that support dismissal of the resisting arrest count in furtherance of justice support dismissal of so much of the petition as alleged attempted assault (see Family Ct Act § 315.2 [1], [2]).